# JOHNSON │ GALLAGHER │ MAGLIERY LLC

June 30, 2014

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

> Re: <u>State of New York ex rel. Jacobson v. Wells Fargo National Bank, N.A. and Wells Fargo Asset Securities Corp.</u>, Case No. 14 Civ. 914 (VSB)

Dear Judge Broderick:

Pursuant to the Court's Orders of February 26, 2014 and March 25, 2014, the parties submit this Joint Letter.

1. **Plaintiff's Statement:**
   This is a *qui tam* action brought under the New York False Claims Act, N.Y. State Finance Law §§ 187 *et seq*. Plaintiff alleges that Defendants engaged in a pattern of fraud in the origination and securitization of Residential Mortgage-Backed Securities ("RMBS") and then falsely caused certain trusts to assert status as so-called Real Estate Mortgage Investment Conduits ("REMICs") to avoid the payment of taxes. Plaintiff alleges that Defendants owe the State of New York (the "State") and City of New York (the "City") well over $1 billion in unpaid taxes.

   **Defendants' Statement:**
   In this *qui tam* action brought on behalf of the State and City, Plaintiff challenges the federal tax exempt status of certain trusts created to securitize residential mortgages originated by Wells Fargo. Under the United States Tax Code, such trusts are treated as REMICs and are generally exempt from federal income taxes. The State and City provide parallel exemptions for entities that are treated as REMICs for federal income tax purposes. According to Plaintiff, the trusts are not entitled to be treated as REMICs for federal income tax purposes on account of alleged origination and underwriting deficiencies with respect to certain unidentified loans held by the trusts, and thus the trusts owe the State and City taxes that they would otherwise be exempt from paying.

   As set forth in Defendants' March 20, 2014 Pre-Motion to Dismiss Letter, Defendants intend to move to dismiss the complaint because as a matter of law: (i) the alleged origination and underwriting deficiencies did not cause the trusts to lose their REMIC status, and (ii) Plaintiff has no standing to challenge the trusts' treatment for federal income tax purposes, and any claims for lost State or City taxes are not ripe unless and until the IRS successfully challenges the trusts' federal income tax treatment. Defendants also dispute Plaintiff's allegations of origination and underwriting deficiencies, and her claims that the State and the City have suffered any losses.

2. Plaintiff previously moved to remand this action back to the Supreme Court of the State of New York, County of New York. In its Memorandum and Order of June 16, 2014, the Court denied that motion and held that jurisdiction properly lies in this Court.

3. No motions are currently pending. Defendants will file a motion to dismiss by July 11, 2014 in accordance with the schedule established by the Court.

4. No discovery has yet taken place. Plaintiff believes that meaningful settlement discussions could occur without discovery, following the Court's ruling on Defendants' motion to dismiss. Defendants do not currently have a view as to the appropriate timing of settlement discussions.

5. No settlement discussions have taken place. Plaintiff anticipates that settlement discussions would not be likely be productive until after the Court rules on Defendants' motion to dismiss. Defendants do not currently have a view as to the appropriate timing of settlement discussions.

6. Plaintiff estimates that length of trial will be eight (8) days. Plaintiff believes, however, that this estimate may change depending on the course of discovery. Defendants cannot estimate the length of the trial at this time because discovery has not commenced.

7. **Plaintiff's Statement:**
Plaintiff anticipates that the key dispositive issue in the case (whether fraudulently claiming REMIC status is actionable under the New York False Claims Act in the absence of IRS action) will be raised by Defendants in their anticipated Motion to Dismiss. Plaintiff is not aware of any other novel or obviously dispositive issue.

   **Defendants' Statement:**
As set forth above, the Defendants intend to move to dismiss the complaint. Even were the Court to deny the Motion to Dismiss, Defendants dispute Plaintiff's factual allegations and damages claims.

Respectfully,

_(signature)_  
Peter J. Gallagher, Esq.  
Julie S. Martin, Esq.  
Johnson Gallagher Magliery LLC  
99 Wall Street – 15th Floor  
New York, New York 10005

Geoffrey G. Bestor, Esq.  
The Bestor Law Firm  
2701 Calvert Street, N.W. - #1221  
Washington, D.C. 20008

Jonathan K. Tycko, Esq.  
Tycko & Zavareei LLP  
2000 L Street, N.W. - Suite 808  
Washington, D.C. 20036

*Counsel for Plaintiff*

_(signature)_ Sarah F. Foley (PJG)  
Eric J. Seiler  
Daniel B. Rapport  
Sarah F. Foley  
Friedman, Kaplan, Seiler and Adelman  
7 Times Square  
New York, NY 10036

*Counsel for Defendants*